UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. DAVIS HOWE, individually and derivatively,<br><br>                      Plaintiff,<br><br>                  -against-<br><br>THE BANK OF NEW YORK MELLON, as Indenture Trustee, BIMINI CAPITAL MANAGEMENT, INC., and HEXAGON SECURITIES LLC,<br><br>                  Defendants,<br><br>and THE BANK OF NEW YORK MELLON, as Indenture Trustee, and PREFERRED TERM SECURITIES XX, LTD.,<br><br>                  Nominal Defendants. | 09 Civ. 10470 (HB)<br><br>ECF Case<br><br>**ANSWER OF DEFENDANT THE BANK OF NEW YORK MELLON** |

        Defendant The Bank of New York Mellon, as Indenture Trustee ("BNY Mellon"), by its attorneys, Seward & Kissel LLP, for its Answer to the First Amended Complaint (the "Complaint"), states as follows:

        1.      Respectfully states that the allegations of paragraphs 1 and 2 of the Complaint consist of legal conclusions to which no response is required.  To the extent that the allegations are deemed to require a response, they are denied.

        2.      Denies the allegations in paragraphs 3 and 4 of the Complaint in that the amount in controversy necessary for jurisdiction for this plaintiff is not met.

        3.      Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 of the Complaint, except states that Defendant BNY Mellon is a New York banking corporation with its principal place of business in the state of New York.

4. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 of the Complaint, except states, on information and belief, that Plaintiff R. Davis Howe, Jr. is an individual who is a citizen of the state of Tennessee, and that he paid $21,238 for $10,380,444 in face amount of Income Notes in five transactions dating from November 20, 2008 through August 10, 2009.

5. Denies the allegations in the first sentence of paragraph 7 of the Complaint and states that Defendant BNY Mellon is a New York banking corporation with its principal place of business in the state of New York. Respectfully states that the allegations in the second sentence of paragraph 7 of the Complaint consist of legal conclusions to which no response is required. To the extent that the allegations in the second sentence of paragraph 7 of the Complaint are deemed to require a response, the allegations are denied.

6. Denies knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 8 of the Complaint. Respectfully states that the allegations in the second sentence of paragraph 8 of the Complaint consist of legal conclusions to which no response is required.

7. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9 of the Complaint, except states, on information and belief, that Defendant Bimini is a publicly-traded real estate investment trust incorporated under the laws of Maryland, with its principal place of business in Florida.

8. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 of the Complaint.

9. Denies the allegations in paragraph 11 of the Complaint, and respectfully refers the Court to the Indenture and the Basic Documents (as defined in the Indenture) for their complete and correct content.

10. Denies the allegations in paragraph 12 of the Complaint.

11. Denies the allegations in paragraph 13 of the Complaint, and respectfully refers the Court to the Indenture for its complete and correct content.

12. Admits the allegations in the first sentence of paragraph 14 of the Complaint. Denies the allegations in the second sentence of paragraph 14 of the Complaint in that the Indenture attached as Exhibit A to the Complaint is not the Execution Copy of the Indenture.

13. Denies the allegations in paragraphs 15, 16, 17 and 18 of the Complaint, and respectfully refers the Court to the Indenture for its complete and correct content.

14. Denies the allegations in the first sentence of paragraph 19 of the Complaint, and respectfully refers the Court to the entire Indenture for its complete and correct content and a full understanding of its terms. Admits the allegations in the second sentence of paragraph 19 of the Complaint.

15. Admits the allegations in paragraph 20 of the Complaint, except states that the Execution Copy of the Indenture specifies that "Requisite Noteholders" refers to the Holders of more than 66⅔% of the relevant class of Notes.

16. Denies the allegations in paragraph 21 of the Complaint, and respectfully refers the Court to the entire Indenture for its complete and correct content and a full understanding of its terms.

17. Denies the allegations in paragraphs 22, 23 and 24 of the Complaint, and respectfully refers the Court to the Indenture for its complete and correct content.

18. Denies the allegations in paragraph 25 and 26 of the Complaint, except states that on June 22, 2009, BNY Mellon received a letter addressed to Chris Grose dated June 19, 2009 from Robert E. Cauley (the "Cauley Letter"), and respectfully refers the Court to the Cauley Letter for its complete and correct content.

19. Denies the allegations concerning BNY Mellon in paragraph 27 of the Complaint, except states that (1) the Cauley Letter is addressed to Chris Grose at BNY Mellon, and (2) Mr. Grose is no longer employed by BNY Mellon. Denies knowledge or information sufficient to form a belief about the truth of the allegations concerning Bimini Capital Management, Inc. ("Bimini Capital") and Hexagon Securities LLC ("Hexagon") in paragraph 27 of the Complaint.

20. Denies the allegations in paragraph 28 of the Complaint.

21. Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 of the Complaint.

22. Admits the allegations in paragraphs 30 and 31 of the Complaint, but refers to the Notice and the Offers for their complete and correct content.

23. Denies the allegations in paragraph 32 of the Complaint.

24. Admits the allegations in the first sentence of paragraph 33 of the Complaint. Denies the allegations in the second and third sentences of paragraph 33 of the Complaint and states that the full record in this action shows among other things that in the course of providing its opinion as to whether BNY Mellon could act at the direction of the Requisite Noteholders in connection with this transaction, Bimini's counsel Hunton & Williams

LLP ("Hunton") came to the legal conclusion that the Bimini TruPS were a "defaulted Collateral Security" within the meaning of Section 5.16(b) of the Indenture, and assumed only as a factual matter that the consent of the Requisite Noteholders had been obtained. BNY Mellon further respectfully refers the Court to the referenced opinion for its complete and correct content. Respectfully states that the allegations in the fourth sentence of paragraph 33 of the Complaint consist of legal conclusions to which no response is required; to the extent that the allegations are deemed to require a response, they are denied.

        25.      Denies the allegations in paragraph 34 of the Complaint, except states that in accordance with its role as Indenture Trustee and in reliance upon the opinion referenced in paragraph 33, BNY Mellon acted upon the direction of approximately 90.63% of the Requisite Noteholders entitled to vote (by Aggregate Principal Amount of their holdings) in accepting the offer of Bimini Capital to purchase $24 million Aggregate Principal Amount of the TruPS from the Issuer for $10.8 million in cash.

        26.      Denies knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35 of the Complaint.

        27.      Respectfully states that the allegations of paragraph 36 of the Complaint consist of legal conclusions to which no response is required. To the extent that the allegations are deemed to require a response, they are denied.

        28.      Respectfully states that the allegations of paragraphs 37, 38, 39, 40, 41 and 42 are moot in light of the Court's March 4, 2011 Opinion and Order dismissing the derivative claims, and that the allegations consist of legal conclusions to which no response is required. To the extent that the allegations are deemed to require a response, they are denied, except BNY Mellon admits no demand was made on it to institute this action.

29. With respect to paragraph 43 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 42 of the Complaint.

30. Admits the allegations in paragraph 44 of the Complaint.

31. Respectfully states that the allegations of paragraphs 45, 46, 47 and 48 of the Complaint consist of legal conclusions to which no response is required.  To the extent that the allegations are deemed to require a response, they are denied.

32. With respect to paragraph 49 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 48 of the Complaint.

33. Respectfully states that the allegations of paragraphs 50, 51, 52, 53, 54, 55 and 56 (i.e., the Second Claim for Relief) are moot in light of the Court's March 4, 2011 Opinion and Order dismissing the derivative claims, and that the allegations consist of legal conclusions to which no response is required.  To the extent that the allegations are deemed to require a response, they are denied, except BNY Mellon admits the allegations in paragraph 52 of the Complaint.

34. With respect to paragraph 57 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 56 of the Complaint.

35. Respectfully states that the allegations of paragraphs 58, 59, 60, 61 and 62 (i.e., the Third Claim for Relief) are not asserted against BNY Mellon and accordingly no response is required.  To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied, except BNY Mellon admits the allegations of paragraph 58 of the Complaint and with respect to paragraph 60 of the Complaint states, on information and belief, that Bimini Capital or its agents were aware of the Indenture and its terms.

36. With respect to paragraph 63 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 62 of the Complaint.

37. Respectfully states that the allegations of paragraphs 64, 65, 66, 67, 68, 69 and 70 (i.e., the Fourth Claim for Relief) are moot in light of the Court's March 4, 2011 Opinion and Order dismissing the derivative claims, and that the allegations are not asserted against BNY Mellon and accordingly no response is required. To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied, except BNY Mellon admits the allegations of paragraph 66 of the Complaint and with respect to paragraph 68 of the Complaint states, on information and belief, that Bimini Capital or its agents were aware of the Indenture and its terms.

38. With respect to paragraph 71 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 70 of the Complaint.

39. Respectfully states that the allegations of paragraphs 72, 73, 74 and 75 of the Complaint consist of legal conclusions to which no response is required. To the extent that the allegations are deemed to require a response, they are denied.

40. With respect to paragraph 76 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 75 of the Complaint.

41. States that the allegations of paragraphs 77, 78, 79, 80, 81 and 82 (i.e., the Sixth Claim for Relief) are moot in light of the Court's March 4, 2011 Opinion and Order dismissing the derivative claims, and respectfully states that the allegations consist of legal conclusions to which no response is required. To the extent that the allegations are deemed to require a response, they are denied.

42. With respect to paragraph 83 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 82 of the Complaint.

43. Respectfully states that the allegations of paragraphs 84, 85, 86 and 87 (i.e., the Seventh Claim for Relief) are not asserted against BNY Mellon and accordingly no response is required. To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied.

44. With respect to paragraph 88 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 87 of the Complaint.

45. Respectfully states that the allegations of paragraphs 89, 90, 91, 92, 93 and 94 (i.e., the Eighth Claim for Relief) are moot in light of the Court's March 4, 2011 Opinion and Order dismissing the derivative claims, and that the allegations are not asserted against BNY Mellon and accordingly no response is required. To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied.

46. With respect to paragraph 95 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 94 of the Complaint.

47. Respectfully states that the allegations of paragraphs 96, 97 and 98 (i.e., the Ninth Claim for Relief) are not asserted against BNY Mellon and accordingly no response is required. To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied.

48. With respect to paragraph 99 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 98 of the Complaint.

49. Respectfully states that the allegations of paragraphs 100, 101, 102 and 103 (i.e., the Tenth Claim for Relief) are moot in light of the Court's March 4, 2011 Opinion and

Order dismissing the derivative claims, and that the allegations are not asserted against BNY Mellon and accordingly no response is required. To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied.

50. With respect to paragraph 104 of the Complaint, reincorporates and realleges its responses to paragraphs 1 through 103 of the Complaint.

51. Respectfully states that the allegations of paragraphs 105, 106, 107 and 108 (i.e., the Eleventh Claim for Relief) are moot in light of the Court's March 4, 2011 Opinion and Order dismissing the derivative claims, and that the allegations are not asserted against BNY Mellon and accordingly no response is required. To the extent that the allegations concerning BNY Mellon are deemed to require a response, they are denied.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

52. The Complaint fails to state a claim against BNY Mellon upon which relief can be granted.

### Second Defense

53. The Court lacks subject matter jurisdiction because the amount-in-controversy requirement is not satisfied. Plaintiff has not alleged (and cannot allege) that the transaction caused him to fail to receive any payments of principal or interest presently due and payable upon his Income Notes. Plaintiff paid some $21,000 for his Income Notes. Damages, if any, also cannot be fixed with any reasonable certainty.

### Third Defense

54. All of Plaintiff's claims against BNY Mellon (the First, Second, Fourth, Fifth, Sixth, Eighth, Tenth and Eleventh Claims for Relief) are barred because Plaintiff has not

9

satisfied the prerequisites to suit specified by Section 5.6 of the Indenture, including the failure to allege an Event of Default.

### Fourth Defense

55. Plaintiff lacks standing to sue on behalf of either BNY Mellon or the Issuer with respect to its derivative claims (the Second, Fourth, Sixth, Eighth, Tenth and Eleventh Claims for Relief), as confirmed by the Court in its March 4, 2011 Opinion and Order dismissing these claims.

### Fifth Defense

56. Plaintiff failed to make any demand upon either BNY Mellon or the Issuer and fails to properly allege with particularity that demand would have been futile with respect to its derivative claims.

### Sixth Defense

57. Plaintiff's derivative claims conflict with the interests of other Holders of Notes, including the Requisite Noteholders who voted to approve the transaction. In addition, Plaintiff is impermissibly asserting both individual and derivative claims simultaneously. Accordingly, Plaintiff cannot maintain his derivative claims because he cannot fairly and adequately represent the interests of BNY Mellon or the Issuer. Plaintiff also in any event cannot simultaneously maintain individual and derivative claims in this action.

### Seventh Defense

58. Plaintiff fails to allege any cognizable claim for breach of fiduciary duty (the Fifth and Sixth Claims for Relief) because he has alleged no facts showing that BNY Mellon, as Indenture Trustee, (1) assumed any fiduciary duty to Plaintiff (or the Issuer) or (2) breached any such duty.

59. Section 6.1(b)(i) of the Indenture confines the Trustee's duties to those specifically set forth in the Indenture and under these circumstances, applicable New York case law holds that the duties of an Indenture Trustee are not fiduciary in nature. *See, e.g., AG Capital Funding Partners, L.P. v. State St. Bank & Trust*, 11 N.Y.3d 146, 157-58, 866 N.Y.S.2d 578 (2008).

### Eighth Defense

60. BNY Mellon did not engage in any conflict of interest that could support a cognizable pre-default breach of fiduciary duty towards any noteholder. BNY Mellon specifically denies that it acted in its financial self-interest at any noteholder's expense either (i) in response to the Cauley letter or (ii) by transmitting Bimini's offer to purchase to the Requisite Noteholders, and states that Plaintiff's allegations are not sufficient to state a cognizable claim for breach of any common law pre-default duty owed to the noteholders.

### Ninth Defense

61. Plaintiff's breach of fiduciary duty claims (the Fifth and Sixth Claims for Relief) are based on the same alleged conduct and are seeking identical relief as Plaintiff's breach of contract claims (the First and Second Claims for Relief). The allegations also arise entirely out of purported obligations under a contractual agreement (the Indenture). Nothing in the record reflects any actions taken by BNY Mellon "separate and apart from the terms of the Indenture." Accordingly, the breach of fiduciary duty claims should be dismissed as duplicative of the breach of contract claims.

### Tenth Defense

62. Plaintiff fails to allege any cognizable claim for breach of contract (the First and Second Claims for Relief) because BNY Mellon was authorized under the Indenture to effectuate the tender offer at the direction of the Requisite Noteholders. *See* Indenture § 5.16(b).

**Eleventh Defense**

63. The Indenture Trustee was entitled to (and did) conclusively rely in good faith upon the written legal opinion provided to it for its benefit by Bimini's counsel, Hunton. Hunton opined that "the Trustee is authorized under the Indenture to act at the direction of the Requisite Noteholders in taking the actions necessary to effectuate the Offer."

64. The Indenture provides in relevant part that BNY Mellon may, in the absence of bad faith on its part, "conclusively rely, as to the truth of the statements and the correctness of the opinions expressed therein, upon certificates or opinions furnished to the Indenture Trustee."  Indenture § 6.1(b)(ii).

65. Accordingly, Plaintiff is not entitled to recover damages (if any) from BNY Mellon upon its breach of contract claim or its duplicative breach of fiduciary duty claim.

**Twelfth Defense**

66. The Indenture Trustee was entitled to (and did) conclusively rely in good faith upon its own counsel's advice that, under the Indenture, the Trustee was permitted to act at the direction of more than 66-2/3% of the Aggregate Principal Amount of the Senior Notes.

67. The Indenture provides in relevant part that BNY Mellon may "consult with counsel, and the advice or opinion of counsel with respect to legal matters relating to this Indenture and the Notes shall be full and complete authorization and protection from liability in respect to any action taken, omitted or suffered by it hereunder in good faith and in reliance on the advice or opinion of such counsel."  Indenture § 6.2(e).

68. On October 19, 2009, BNY Mellon's counsel Gardere Wynne Sewell LLP advised that "[u]nder the Indenture, the Trustee is permitted to act at the direction of more than 66-2/3% of the Aggregate Principal Amount of the Senior Notes" and requested verification of the percentage of votes for or against the offer.  Def. SJ Ex. 73.

69.     Accordingly, Plaintiff is not entitled to recover damages (if any) from BNY Mellon upon its breach of contract claim or its duplicative breach of fiduciary duty claim.

### Thirteenth Defense

70.     The Indenture Trustee acted in good faith at the direction of the Requisite Noteholders, and believed at all times that it was authorized and within its rights and powers to act at their direction.

71.     The Indenture provides in relevant part that "[t]he Indenutre Trustee shall not be liable for any action it takes or omits to take in good faith which it believes to be authorized or within its rights or powers."  Indenture § 6.2(d).

72.     Accordingly, Plaintiff is not entitled to recover damages (if any) from BNY Mellon upon its breach of contract claim or its duplicative breach of fiduciary duty claim.

### Fourteenth Defense

73.     As noted, BNY Mellon effectuated the tender offer in good faith at the direction of the Requisite Noteholders.  The Indenture provides that BNY Mellon "will be fully protected with respect to <u>any action</u> taken by it in reasonable good faith at the direction of the Requisite Noteholders."  *See* Indenture § 6.14 (emphasis added).

74.     Accordingly, Plaintiff is not entitled to recover damages (if any) from BNY Mellon upon its breach of contract claim or its duplicative breach of fiduciary duty claim.

### Fifteenth Defense

75.     Plaintiff fails to allege any damages in connection with his claims that were proximately caused by the actions of BNY Mellon.

**Sixteenth Defense**

76. Plaintiff cannot recover damages from BNY Mellon for the claimed diminution in value or lost profit upon his Income Notes in connection with his claims because his alleged losses are both unforeseeable and incapable of proof with reasonable certainty.

77. Plaintiff alleges "compensatory damages for the loss of the principal and interest that…<u>would have accrued</u> to Plaintiff's own investment in PreTSL XX." Am. Compl. ¶ 2 (emphasis added). Plaintiff later asserts "individual damages in an amount equal to his *pro rata* share of the difference between the value of [his] Income Notes with and without the Bimini TruPS in the PreTSL XX collateral pool." Plaintiff's Counter-Statement to Joint Statement of Undisputed Material Facts of Defendant and Nominal Defendant BNY Mellon and Defendant Bimini Capital (filed December 30, 2010) ("Plaintiff's Counter-Statement") ¶ 138.

78. Plaintiff does not claim any present losses of amounts "due and payable" on his Income Notes that would have been received in the absence of the Bimini offer. Plaintiff's claim is for a loss of future profit, i.e., the hypothetical diminution in value of income that Plaintiff may or may not receive in the future on his Income Notes, which are leveraged, subordinated and undercollateralized, and which do not mature until March 22, 2038. *Id.* at ¶¶ 135-138.

79. Plaintiff further does not dispute (1) that the monies that theoretically might be received upon his notes are dependent upon the future performance of the entire portfolio of some 70 Collateral Securities, including the Bimini TruPS and (2) that the Offering Circular describing the risks of investing in the Income Notes states among other things that the potential yield on his notes is dependent on the future performance of all such Collateral Securities, among other factors, and therefore is "impossible to predict accurately." *Id.*

14

**Seventeenth Defense**

80. Plaintiff cannot recover damages from BNY Mellon for the claimed diminution in value or lost profit upon his Income Notes in connection with his claims because such damages were not fairly within the contemplation of the parties at the time the contract was formed.

81. Section 6.4 of the Indenture expressly provides "In no event shall the Indenture Trustee…be liable under or in connection with this Indenture for indirect, special, incidental, punitive or consequential losses or damages of any kind whatsoever, including but not limited to lost profits, whether or not foreseeable, even if the Indenture Trustee…is advised of the possibility thereof and regardless of the form of action in which such damages are sought."

82. In addition, Plaintiff admits that his notes do not bear a specified rate of interest. Plaintiff's Counter-Statement ¶ 17. Distributions (if any) of an unspecified amount of "excess funds" are only to be made following the payment of all taxes, fees and expenses, as well as payments to all the holders of the five senior classes of Senior Notes and Mezzanine Notes. Indenture § 8.4 at pp. 91-94.

**Eighteenth Defense**

83. For his claims against BNY Mellon Plaintiff seeks compensatory damages for "losses" that arise out of the same facts (Am. Compl. at p. 26). Plaintiff can only recover (if at all) once for damages on his claims.

**Nineteenth Defense**

84. Plaintiff assumed the risk of the repurchase of Bimini's TruPS under the Indenture.

### Twentieth Defense

85. Plaintiff's claims against BNY Mellon are barred by the doctrines of estoppel, waiver, laches or consent.

### Twenty-First Defense

86. Should liability be found against BNY Mellon upon any of Plaintiff's claims, such liability would be subject to setoff, reduction or avoidance by the comparative negligence and/or contributory negligence of others, including the parties to this action, and in light of BNY Mellon's rights of indemnification under the Indenture or in connection with the repurchase offer or otherwise.

WHEREFORE, Defendant prays that Plaintiff takes nothing by its suit, that BNY Mellon be discharged and recover its costs and attorneys' fees incurred herein, and that the Court grant such other and further relief to which Defendant may show itself to be justly entitled; and that BNY Mellon shall have such other and further relief as the Court deems just and proper.

New York, New York
March 18, 2011

Respectfully submitted,

SEWARD & KISSEL LLP

By: /s/ Dale C. Christensen
Dale C. Christensen, Jr.
Brian P. Maloney
One Battery Park Plaza
New York, New York  10004
Tel.: (212) 574-1200
Fax: (212) 480-8421
christensen@sewkis.com
maloney@sewkis.com

*Attorneys for Defendant The Bank of New York Mellon, as Indenture Trustee*