UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. DAVIS HOWE, individually and derivatively,<br><br>                Plaintiff,<br><br>-against-<br><br>THE BANK OF NEW YORK MELLON, as Indenture Trustee, BIMINI CAPITAL MANAGEMENT, INC., and HEXAGON SECURITIES LLC,<br><br>                Defendants,<br><br>and THE BANK OF NEW YORK MELLON, as Indenture Trustee, and PREFERRED TERM SECURITIES XX, LTD.,<br><br>                Nominal Defendants. | 09 Civ. 10470 (HB)<br><br>ECF CASE |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANT BANK OF NEW YORK MELLON SEEKING TO PRECLUDE ARGUMENT CONCERNING DETERMINATION OF LIABILITY**

| | |
|---|---|
| **WOLLMUTH MAHER & DEUTSCH, LLP**<br>Robert D. Piliero<br>   rpiliero@wmd-law.com<br>Steven Fitzgerald<br>   sfitzgerald@wmd-law.com<br>500 Fifth Avenue<br>New York, New York 10110<br>Tel.: 212.382.3300 | **BUTZEL LONG**<br>a professional corporation<br>Robert Sidorsky<br>   Sidorsky@butzel.com<br>380 Madison Avenue<br>New York, New York 10017<br>Tel.: 212. 818.1110 |

*Attorneys for Plaintiff R. Davis Howe*

Plaintiff R. Davis Howe respectfully submits this memorandum in opposition to the motion *in limine* of Defendant Bank of New York Mellon ("BNYM") seeking to preclude argument concerning this Court's prior determination of BNYM's liability to Plaintiff on his breach of contract claim.

## PRELIMINARY STATEMENT

In an Opinion and Order filed on March 4, 2011, this Court granted summary judgment in Plaintiff's favor as to liability on his individual claim for breach of contract against Defendant BNYM. As a result, one of the issues the jury will be asked to decide in the trial of this action is the amount of damages to which Plaintiff is entitled by reason of BNYM's breach. Although BNYM styles the instant motion as seeking to preclude "argument" regarding the Court's determination of liability, the relief it seeks is actually far broader: it asks the Court to withhold from the jury the fact that "BNY Mellon has already been held liable for breach of contract as a matter of law." BNYM Memorandum, at 2. This application should be denied based on the absence of any legal support for it, which is understandable since the extraordinary relief BNYM seeks is so counterintuitive as to border on the preposterous.

## ARGUMENT

BNYM purports to offer two reasons for its unusual application. Neither is persuasive. *First,* BNYM asserts that [a]llowing references to a judicial finding of breach would improperly predetermine the remaining questions of fact . . . ." relating to other claims asserted by Plaintiff that remain for determination at trial. BNYM Memorandum, at 3. Wholly ignored by BNYM, however, is the fact that by the time the jury begins its deliberations, it will have received clear and detailed instructions from the Court with

regard to the separate and independent elements that must be proved to support a finding of liability on each of the other claims asserted by Plaintiff.  Thus, the only "jury confusion" that could possibly occur in this connection is if BNYM's motion were <u>granted,</u> and the jury is asked to determine the <u>amount</u> of damages without having first been advised that there has already been a finding of liability entitling Plaintiff to an award of damages. Letting the jury know what has actually happened in this case will create no confusion; it will merely promote the ends of justice.

The *second* argument offered by BNYM in support of its novel argument is that it would be "unduly prejudicial" to BNYM's defense to Plaintiff's other claims if the jury learns that its liability on the breach of contract claim has already been established as a matter of law.  This is merely a reformulation of BNYM's first argument, and the response to it is the same:  in its instructions to the jury, the Court will undoubtedly make clear that BNYM's liability as to one claim should not be deemed liability as to any other claim.  BNYM 's attempt to fortify its argument by citation  to *Pescatore v. Pan Am World Airways, Inc.*, 97 F.3d 1, 17 (2d Cir. 1996), is unpersuasive.  Indeed, its own memorandum of law tacitly acknowledges that.  As BNYM concedes, applicable case law recognized that references to a prior finding of "breach" as a factual matter are indeed permissible; it is only references that are pejorative that raise a potential concern about undue prejudice.  *Aristocrat Leisure Ltd.v.Deutsche Bank Trust Co. Ams.,* 2009 U.S. Dist. LEXIS  89183, 31 – 32 (S.D.N.Y. Sept.28, 2009).  *See* BNYM Memorandum, at 4, n.3.

## CONCLUSION

BNYM's motion *in limine* should be denied.

Respectfully submitted,

Da1ed: New York. New York        WOLLMUTH MAHER & DEUTSCH, LLP
March 23, 20111


By:   /s/ Robert D. Piliero
  Robert D. Piliero
    rpiliero@wmd-law.com
  Steven Fitzgerald
    sfitzgerald@wmd-law.com
  500 Fifth Avenue
  New York, New York 10110
  Tel.:  212.382.3300


-and-


BUTZEL LONG, a professional corporation


By:    /s/ Robert Sidorsky
  Robert Sidorsky
    Sidorsky@butzel.com
  380 Madison Avenue
  New York, New York 10017
  Tel.:  212. 818.1110

*Attorneys for Plaintiff R. Davis Howe*