UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R. DAVIS HOWE, individually and derivatively,<br><br>                      Plaintiff,<br><br>-against-<br><br>THE BANK OF NEW YORK MELLON, as Indenture Trustee, BIMINI CAPITAL MANAGEMENT, INC., and HEXAGON SECURITIES LLC,<br><br>                      Defendants,<br><br>and THE BANK OF NEW YORK MELLON, as Indenture Trustee, and PREFERRED TERM SECURITIES XX, LTD.,<br><br>                      Nominal Defendants. | 09 Civ. 10470 (HB)<br><br>ECF CASE |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE MOTION *IN LIMINE* OF DEFENDANT BIMINI CAPITAL MANAGEMENT, INC. AND BANK OF NEW YORK MELLON TO EXCLUDE EVIDENCE <u>RELATING TO  HILDENE</u>**

| | |
|---|---|
| **WOLLMUTH MAHER & DEUTSCH, LLP**<br>Robert D. Piliero<br>    rpiliero@wmd-law.com<br>Steven Fitzgerald<br>    sfitzgerald@wmd-law.com<br>500 Fifth Avenue<br>New York, New York 10110<br>Tel.:  212.382.3300 | **BUTZEL LONG**<br>a professional corporation<br>Robert Sidorsky<br>    Sidorsky@butzel.com<br>380 Madison Avenue<br>New York, New York 10017<br>Tel.:  212. 818.1110 |

*Attorneys for Plaintiff R. Davis Howe*

Plaintiff R. Davis Howe respectfully submits this memorandum in opposition to the motion *in limine* of Defendants Bimini Capital Management, Inc. ("Bimini") and Bank of New York Mellon seeking to exclude evidence concerning Hildene Capital Management, LLC. ("Hildene").

## PRELIMINARY STATEMENT

By Opinion and Order filed on March 4, 2011, this Court granted summary judgment in Plaintiff's favor as to liability on his individual claim for breach of contract against Defendant BNYM. The basis for that ruling is the Court's conclusion that BNYM breached the governing Trust Indenture of Preferred Term Securities XX, Ltd. ("PreTSL XX") by permitting Bimini to repurchase the $24 million in Trust Preferred Securities ("TruPS") it had issued and which formed a part of the PreTSL XX trust estate. All the other claims asserted by Plaintiff in his individual capacity remain to be tried before a jury. Among those claims are claims that Bimini aided and abetted BNYM's breach of fiduciary duty as Trustee of PreTSL XX.

By this motion, Defendants wish to conceal from the jury that, prior to consummation of this transaction, Hildene, a Senior Noteholder of PreTSL XX, advised BNYM that Bimini's offer to pay substantial sums (the final number was about $3.3 million) to the Senior Noteholders to induce them to vote in favor of this legally impermissible transaction was itself a violation of the PreTSL XX Trust Indenture. Defendants attempt to justify withholding this information from the jury on the following grounds: *First,* they suggest that the so-called "consent payments" about which Hildene complained are not relevant to any of the issues in this case. *Second,* they argue that the jury will be "confused" by the fact that in a separate lawsuit filed against these

Defendants (which has been stayed at Defendants' request and with Hildene's acquiescence), Hildene focuses on the "consent payment" issue to a greater extent than Plaintiff does in this action. Neither argument provides a legitimate basis for withholding relevant evidence from the jury in this case.

## ARGUMENT

### A. Bimini's Impropriety In Paying Senior Noteholders To Consent To The Unlawful Transaction Is Indeed An Issue In This Case.

Defendants point to a brief segment of Plaintiff's deposition testimony to support their assertion that the consent payments are "not an issue in this case." Defendants' Memorandum, at 2. But the testimony they cite actually contradicts their assertion. Plaintiff did not say this is "not an issue," but rather that it was not "central" to his case, and that it is a "side argument." *Id.* Although not mentioned in Defendants' memorandum, Mr. Howe went on to explain during his deposition that that he decided not to make the "consent payments" a primary focus of his case because he does not want to adversely affect the continuing relationships he has with some of the noteholders who received those payments. *See* McCallen Declaration, Ex., C, at 183-84. Mr. Howe most assuredly did not say that the impropriety of these "consent payments" is irrelevant.

But even more fundamentally, Defendants ignore the following allegation that appears in Paragraph 86 of the Amended Complaint, which forms an integral part of the factual predicate for Plaintiff's claim against Bimini for aiding and abetting BNYM's breach of fiduciary duty:

> Bimini Capital assisted with the breaches of fiduciary duty of BNYM by purchasing the TruPS in violation of the terms of the Indenture and at a substantial discount **and by paying additional consideration of approximately $3.3 million directly to Consenting Senior Holders as**

- 2 -

> **an inducement to the Consenting Senior Holders to consent to the wrongful sale.** (emphasis added).

The "consent payment" issue is very much an important evidentiary part of this case.

### B. Defendants' "Jury Confusion" Argument Is Nonsense.

Defendants claim that *Suarez v. American Stevedoring, Inc.,* No. 06-CV-6721, 2010 WL 825943, at *3 (E.D.N.Y. Mar. 4, 2010), stands for the proposition that "the introduction of evidence concerning the fact of other pending lawsuits may serve to confuse, distract and prejudice the jury, . . . ." Defendants' Memorandum, at 3-4. Although those words appear in the Court's opinion, they most assuredly do not constitute its holding or rationale. In fact, the only reason the Court agreed to exclude evidence about other lawsuits is "[b]ecause the court has no information regarding the other lawsuits, [and thus] is unable to determine whether admission of evidence concerning other claims is appropriate." The Court granted the *in limine* motion solely "[d]ue to the limitations of the parties' briefing on this issue . . . ," and specifically made its ruling without prejudice to reconsideration of the issue. *Id*. at *10.

As a Senior Noteholder in PreTSL XX, Hildene could have availed itself of Bimini's bribe and consented to the transaction. It did not do so because, in its view, those were "improper payment[s] to Senior Notes investors instead of to the Issuer, violating the rights of other creditors of the Issuer and its creditors generally." *See* McCallen Declaration, Ex. A, at 1. Plaintiff Dave Howe is one of those "other creditors" whose rights the court has already concluded, in its March 4, 2011 Opinion and Order, were violated by the Bimini repurchase transaction. The views of this

- 3 -

Senior Noteholder, Hildene, are certainly relevant since they reflect a principled decision that was against Hilden's own pecuniary interest.

But even if that were not sufficient in itself, Defendants' Memorandum on this motion provides an independent basis for this Court to ensure that the jury is not deprived of evidence about Hildene's views.  Defendants' submission leaves no doubt that they intend to attempt to trivialize Plaintiff's other claims as those of a voice in the wilderness, an outlier minority stakeholder in PreTSL XX.  *See*  Defendants' Memorandum, at 4.  Although it is technically accurate to say that "more than 90% <u>of the senior noteholders</u>" approved the transaction, submitting that evidence to the jury will be totally misleading without <u>also</u> letting the jury know that:  (a) Bimini paid for those votes with almost $3.3 million; (b) at least one senior noteholder, Hildene, recognized and complained to BNYM that those payments and the transaction those payments bought "violat[ed] the rights of other creditors of the Issuer and its creditors generally." (*see* McCallen Declaration, Ex. A, at 1); and (c) <u>those "other creditors" whose rights were violated owned</u> **nearly 40%** <u>of the notes in PreTSL XX</u>.[1]  Plaintiff is surely entitled to present these facts to the jury when Defendants try to depict him as a lone-wolf complainer.

---

[1]   PreTSL issued a total of $61,750,000 in Notes.  The Senior Noteholders held $416,900,000 of those Notes.  Bimini's "consent payments" purchased 90% of these votes, or about $375,210,000 of the total of $671,750,000 in Notes—or about 59.4% of the value of all the Notes.

## **CONCLUSION**

BNYM's motion *in limine* should be denied.

Respectfully submitted,

Dated: New York, New York      WOLLMUTH MAHER & DEUTSCH, LLP
        March 23, 20111


By: ___/s/ Robert D. Piliero_____
      Robert D. Piliero (RP 6898)
         rpiliero@wmd-law.com
      Steven Fitzgerald (SF    )
         sfitzgerald@wmd-law.com
500 Fifth Avenue
New York, New York 10110
Tel.: 212.382.3300


-and-
BUTZEL LONG, a professional corporation


By: ___/s/ Robert Sidorsky_____
      Robert Sidorsky (RS   )
         Sidorsky@butzel.com
380 Madison Avenue
New York, New York 10017
Tel.: 212. 818.1110

*Attorneys for Plaintiff R. Davis Howe*